CHARLES K. CHINEDUH (SBN 273258)
Charles.Chineduh@maynardnexsen.com
**MAYNARD NEXSEN LLP**
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067
Telephone: 310.596.4500

Attorneys for Defendants
CIGNA HEALTHCARE OF CALIFORNIA, INC. and CIGNA HEALTH AND LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY CHILDREN'S HOSPITAL, a California nonprofit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC., a California for-profit corporation; CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut general corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>(Removed from the Madera County Superior Court, Case No. MCV093838)<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION**<br><br>[Filed concurrently with<br><br>- Civil Case Cover Sheet<br>- Corporate Disclosure Statement<br>- Certification of Interested Parties<br>- Declaration of Pam Ley<br>- Declaration of Charles K. Chineduh]<br><br>Complaint Filed: December 20, 2024 |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Cigna Health and Life Insurance Company ("CHLIC") and Cigna Healthcare of California, Inc. ("CHCA") (or collectively "Defendants"), contemporaneously with the filing of this Notice, are effecting the removal of the action described below from the Superior Court of the State of California for the County of Madera to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(a). In further support of removal, Defendants state as follows:

## I.  PLEADINGS AND PROCESS

1. On or about December 20, 2024, Plaintiff Valley Children's Hospital ("Plaintiff") commenced this action by filing its original Complaint in the Superior Court of the State of California for the County of Madera, titled *Valley Children's Hospital v. Cigna Healthcare of California, Inc., et al.*, Case No. MCV093838 (the "State Court Action"). (*See generally* Complaint ("Compl."), attached as Exhibit "A" to the Declaration of Charles K. Chineduh ("Chineduh Decl.")

2. Plaintiff's Complaint asserts claims arising out of the alleged underpayment of claims for emergency services rendered to Plaintiff's patients. Plaintiff seeks recovery of compensatory damages, interest, and costs. (*See* Compl.).

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, notices and orders delivered to any party in the State Court Action is attached as "Exhibit A" to the Chineduh Decl. and incorporated by reference herein.

4. The Summons and Complaint were served upon Defendants on January 6, 2025. (Chineduh Decl., at ¶ 4, and Exhibit "A" attached thereto.).

## II.  FEDERAL QUESTION JURISDICTION

5. The State Court Action is removable under 28 U.S.C. § 1331, and is one which Defendants may remove to this Court pursuant to the provisions of 28

1  U.S.C. § 1441(a), because, although Plaintiff asserts its claims in terms of state-law causes of action, the Complaint alleges that Plaintiff is entitled to payment based on its patients being insureds under, and Defendants' administration of, employee health benefit plans, governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (*See* Declaration of Pamela Ley, ¶ 5.) Original subject matter jurisdiction required to support removal exists if ERISA completely preempts any of the state-law claims. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987). The U.S. Supreme Court has set out the following test for when state-law claims fall within the ERISA enforcement mechanism:

> [I]f an individual, at some point in time, could have brought his claim under [the ERISA enforcement mechanism], and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by [the ERISA enforcement mechanism].

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

6.  Despite Plaintiff's conclusory assertion that it "disavows this action implicates any of the rights it may have gained through an assignment of benefits from the patients" (Compl., ¶ 8), the first prong of *Davila* is met by the existence of an assignment, and "disavow[ing]" any claim under the assignment does not change the fact that Plaintiff *could have* brought claims for benefits as assignees under ERISA. Further, Plaintiff's state-law claims assert that Defendants' alleged obligation to pay Plan benefits for emergency medical services provided to Plaintiff's patients arose from Defendants' obligations to the patients as insureds under the ERISA-governed plans (the "Plans") and from Defendants' alleged conduct while administering the Plans. (*See, e.g.*, Compl., ¶¶ 12, 16-17, 25-27.) Without the Plans and/or Defendant's administration of the Plans, almost all of Plaintiff's claims would not exist. Such claims for benefits are completely preempted by ERISA.

7.  Because this action involves a claim to recover the costs of medical services provided to participants of employee health benefit plans governed by

ERISA and those claims are completely preempted by ERISA, this Court has concurrent original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331, 29 U.S.C. § 1144(a), and 29 U.S.C. § 1132(e)(1).

8. Additionally, to the extent Plaintiff has alleged any state law causes of action that are not completely preempted by ERISA, this Court may properly exercise supplemental jurisdiction over those claims. *See City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 165 (1997); *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995); 28 U.S.C. § 1367, § 1441(c).

### III.  THIS CASE IS REMOVABLE UNDER 28 U.S.C. § 1446(B).

9. Defendants were served with the Summons and Complaint on January 6, 2025 (*see* Chineduh Decl., at ¶ 4); however, the Complaint itself does not contain information sufficient to know whether the claims were subject to ERISA and therefore removable. Plaintiff provided information about the claims and patients at issue on February 18, 2025. (*See* Chineduh Decl., at ¶ 5, Ex. B.) Therefore, this Notice of Removal is timely filed with the Court within thirty (30) days of receipt of the documents from which it could first be ascertained that the case is one which is removable. *See* 28 U.S.C. § 1446(b)(3) ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

10. Defendants are the only properly-served named defendants, and, as such, no other defendants, including the fictitious defendants, are required to join or consent to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); s*ee also* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

## IV. ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED.

11. At this time, venue is proper in this district because this district and division embrace the place in which the removed action has been pending. *See* 28 U.S.C. §§ 1446(a) and 84(b).

12. So far as Defendants are aware, no further proceedings have occurred in the State Court Action.

13. A Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed in the Superior Court of the State of California for the County of Madera.

14. Written notice of the filings of this Notice of Removal will be given to the adverse party as required by law.

15. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(b).

16. In the event that any questions should arise with regard to the propriety of this removal, Defendants respectfully request the opportunity to submit a brief and present oral argument in support of their positions expressed herein.

## V. CONCLUSION.

Defendants give notice that this action has been removed from the Superior Court of the State of California for the County of Madera to the United States District Court for the Eastern District of California, Fresno Division, being the district and division for the county in which this action is pending.

Dated: March 20, 2025                               MAYNARD NEXSEN LLP

By: */s/ Charles K. Chineduh*
CHARLES K. CHINEDUH
Attorneys for Defendants
CIGNA HEALTHCARE OF CALIFORNIA, INC. and CIGNA HEALTH AND LIFE INSURANCE COMPANY