UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY CHILDREN'S HOSPITAL, a California nonprofit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC., a California for-profit corporation, CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut general corporation,<br><br>Defendants. | No.  1:25-cv-00337-KES-EPG<br><br>ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT<br><br>Docs. 9, 14 |

Plaintiff Valley Children's Hospital (the "Hospital") moves to remand this action to the Madera County Superior Court.  Doc. 9 ("MTR").  Although the Hospital asserted only state law claims in its complaint, defendants Cigna Healthcare of California, Inc. and Cigna Health and Life Insurance Company (collectively, "CIGNA") removed based on federal question jurisdiction, asserting that the Hospital's state law claims are completely preempted by section 502(a) of the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). Doc. 1-1, Ex. A ("Compl."); Doc. 1 ("Notice of Removal").  CIGNA also moves to dismiss the complaint based on conflict preemption under ERISA section 514(a), 29 U.S.C. § 1144(a). Doc 14 ("MTD").  This matter is suitable for resolution without oral argument pursuant to Local

1

Rule 230(g), and the hearing currently set for June 16, 2025 is vacated.

Because the Hospital could not have brought its claims under section 502(a) of ERISA and because those claims are based on an independent legal duty, the doctrine of complete preemption does not apply, and this Court lacks federal question jurisdiction. Accordingly, this case is remanded to the Madera County Superior Court, and CIGNA's motion to dismiss is denied as moot.

### I.  **Background**

The Hospital brought this action to recover payment from CIGNA for medically necessary services it provided to 151 patients who were enrolled as participants or beneficiaries in health plans sponsored by CIGNA. Compl. ¶ 8; Compl., Ex A.[1] The Hospital alleges that, prior to providing medically necessary treatment to each of the patients, it contacted CIGNA, and CIGNA confirmed that the each of the patients was a participant or beneficiary in its health plan. *Id.* ¶ 9.[2] CIGNA then authorized the Hospital to treat the patients. *Id.* ¶¶ 11–12.[3] The Hospital's complaint alleges that CIGNA requested, "either expressly or impliedly," that the Hospital "provide medical care to the [p]atients with an express or implied concomitant promise to [] reimburse [the Hospital] for such services . . . ." *Id.* ¶ 12.[4]

The Hospital further alleges that it "is custom and practice in the health care industry [that] hospitals and health plans form contracts through their conduct even though they do not exchange express promises—contracts under which a medical provider agrees to render medically necessary health care to a beneficiary of a health plan[,] and in return[,] the health plan agrees to pay for such health care for the reasonable and customary value of such care. . . ." *Id.* ¶ 16. The

---

[1] The Hospital's complaint has two paragraphs numbered "8." *See* Compl. This citation refers to the second paragraph numbered "8."

[2] The Hospital's complaint has two paragraphs numbered "9." *See* Compl. This citation refers to the second paragraph numbered "9."

[3] The Hospital's complaint has two paragraphs numbered "11" and "12." *See* Compl. This citation refers to the first two paragraphs numbered "11" and "12."

[4] This citation refers to the first paragraph numbered "12."

2

1  Hospital alleges that it formed such implied-in-fact contracts with CIGNA for each of the patients
2  to whom it provided medically necessary treatment. *Id.* ¶ 17.

3  However, CIGNA did not fully reimburse the Hospital in accordance with those implied-
4  in-fact contracts. *Id.* The Hospital billed CIGNA $834,452.75, but CIGNA paid only
5  $287,835.99. *Id.* ¶ 30. On December 20, 2024, the Hospital filed a complaint in Madera County
6  Superior Court seeking to recover the unpaid portion of those contracts. *Id.* The hospital asserts
7  a claim for breach of implied contract and quantum meruit. *Id.* ¶¶ 15–33.

8  CIGNA removed the case to this Court on March 20, 2025. Notice of Removal. CIGNA
9  contends that at least some of the patients are enrolled in ERISA-regulated health benefit plans
10 and that the Hospital is seeking payment on the patients' behalf because it received an assignment
11 of the patients' benefits. *See* Notice of Removal ¶¶ 5–6; Doc. 1-2 ("First Ley Decl.") ¶ 5; Doc.
12 18-1 ("Second Ley Decl.") ¶ 5.[5] Additionally, CIGNA asserts that the unpaid amounts identified
13 in the Hospital's complaint include amounts that CIGNA denied as un-reimbursable under the
14 terms of the patients' ERISA-regulated plans. Second Ley Decl. ¶¶ 6–8. CIGNA argues that the
15 Hospital's claims are completely preempted by ERISA section 502(a) and that there is therefore
16 federal question jurisdiction. *See* Notice of Removal; Doc. 18 ("Opp'n").

17 On April 18, 2025, the Hospital moved to remand, MTR, and on April 25, 2025, CIGNA
18 moved to dismiss, MTD. Each party filed an opposition in response to the other's motion and a
19 reply in support of its own motion. Opp'n; Docs. 17, 21, 22.

20 **II.     Legal Standard**

21 A suit filed in state court may be removed to federal court if the federal court would have
22 had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case
23 originally filed in state court presents a federal question or where there is diversity of citizenship
24 among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331,

---

[5] When a motion to remand "challenges the basis of the court's jurisdiction, the Court may consider evidence outside the pleading." *Lodi Mem. Hosp. Ass'n v. Tiger Lines, LLC*, No. 2:15-cv-00319-MCE-KJN, 2015 WL 5009093, at *5 (E.D. Cal. Aug. 20, 2015).

1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (quoting *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal citations omitted). As such, a federal court must reject jurisdiction and remand the case to state court if there is any doubt as to the right of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A corollary to the well-pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393). In cases of "complete preemption," a federal court has jurisdiction over such preempted claims even though they do not explicitly plead a federal question. *Radford v. Aera Energy Serv. Co.*, No. 1:24-cv-00921-KES-CDB, 2025 WL 1064957, at *2 (E.D. Cal. Apr. 9, 2025).

ERISA section 502(a) "is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *AETNA Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65–66 (1987)). Accordingly, if the Hospital's state law claims are completely preempted, this case was properly removed to this Court.

4

### III. Discussion and Analysis

#### a. The *Davila* Test for Complete Preemption

ERISA § 502(a)(1)(B) provides that

> A civil action may be brought—(1) by a participant or beneficiary—
> . . . (B) to recover benefits due to him under the terms of his plan, to
> enforce his rights under the terms of the plan, or to clarify his rights
> to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). Under this provision, "[i]f a participant or beneficiary believes that benefits promised to him under the terms of the [ERISA-regulated health benefit] plan are not provided, he can bring suit seeking provision of those benefits." *Davila*, 542 U.S at 210.

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), established the seminal test used to determine if a plaintiff's state law cause of action is completely preempted by ERISA section 502(a)(1)(B). "Under *Davila,* a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (quoting *Davila*, 542 U.S. at 210). "The two-prong test of *Davila* is in the conjunctive. A state-law cause of action is preempted by [section] 502(a)(1)(B) only if both prongs of the test are satisfied." *Id.* at 947.

Where a health care provider such as the Hospital has received an assignment of benefits from patients who are participants or beneficiaries in ERISA-regulated plans, courts have recognized three important principles relevant to the application of the *Davila* test. "First, healthcare provider claims are usually not subject to complete preemption because '[h]ealthcare providers . . . generally are not considered 'beneficiaries' or 'participants' under ERISA." *Connecticut State Dental Ass'n v. Anthem Health Care Plans, Inc.*, 591 F.3d 1337, 1346 (11th Cir. 2009) (quoting *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001)).

"Second, it is well-established in . . . most [] circuits that a healthcare provider may acquire derivative standing to sue under ERISA by obtaining a written assignment from a

5

1  'participant' or 'beneficiary' of his right to payment of medical benefits.'" *Id.* at 1347 (quoting
2  *Hobbs*, 276 F.3d at 1241). "Claims for benefits by healthcare providers pursuant to an
3  assignment are thus within the scope of § 502(a)." *Id.*

4  Finally, and most importantly for purposes of this case, "a provider that has received an
5  assignment of benefits and has a state law claim independent of the claim arising under the
6  assignment holds two separate claims." *Id.* "In such a case, the provider may assert a claim for
7  benefits under ERISA, the state law claim, or both." *Id.* (citing *Franciscan Skemp*, 538 F.3d 594,
8  598 (7th Cir. 2008); *Marin Gen. Hosp.*, 581 F.3d at 947). "Thus, so long as the provider's state
9  law claim does not fall within § 502(a), the existence of the assignment is irrelevant to complete
10 preemption if the provider asserts no claim under the assignment." *Id.* (citations omitted).

### b. Application of *Davila*

12 In this case, neither prong of the *Davila* test is met. The Hospital's state law claims are
13 not preempted because the Hospital could not have brought its claims under ERISA section
14 502(a)(1)(B) and the claims are based on independent legal duties arising from state law.

15 This case is on all fours with *Marin General Hospital v. Modesto & Empire Traction*
16 *Company*, 581 F.3d 941 (9th Cir. 2009). The plaintiff hospital in that case alleged that, after
17 receiving an assignment of benefits from a patient who was enrolled in an ERISA-regulated
18 health plan, the hospital made an oral contract with the health insurance provider when it
19 requested authorization to treat the patient. *Id.* at 944–45, 947. The defendant health insurance
20 provider allegedly agreed during a phone call to pay 90% of the hospital's total charges for
21 treating the patient, but when the hospital sent its bill for those charges, the insurance provider
22 paid only a portion; rather than pay 90% of the total charges, the insurance provider paid only
23 what it was required to pay under the terms of the patient's health benefit plan. *Id.* The hospital
24 brought claims for breach of contract, negligent misrepresentation, quantum meruit, and estoppel
25 to recover the unpaid portion of the bill. *Id.*

26 Applying the first prong of *Davila* to this situation, the *Marin* court explained that the
27 plaintiff hospital did not "contend that it [was] owed this additional amount because it [was] owed
28 under the patient's ERISA plan"; in fact, the hospital "*was* paid the money owed to the patient

under the ERISA plan." *Id.* at 947–48 (emphasis added).  Instead, the hospital contended that it was owed "more money based upon a different obligation[:] . . . the alleged oral contract between the" hospital and the insurance provider.  *Id.* at 948.  Therefore, the hospital's "state-law claims based on its alleged oral contract with [the insurance provider] were not brought, and could not have been brought, under § 502(a)(1)(B)," thus failing the first prong of *Davila*.  *Id.* at 949.  Additionally, "[s]ince the state-law claims [were] in no way based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, they [were] based on 'other independent legal dut[ies]' within the meaning of *Davila*," thus failing the second prong.  *Id.* at 950.

The same situation is present in this case.  The Hospital was paid a portion of the total it billed CIGNA, and CIGNA contended that certain of the remaining amounts were un-reimbursable under the terms of the patients' ERISA-regulated plans.  *See* Second Ley Decl. ¶¶ 6–8.  The Hospital does not allege that it is owed the unpaid portion under the terms of the patients' plans, but rather, that it is owed those amounts under the terms of an implied-in-fact contract with CIGNA or under the theory of quantum meruit.  Compl. ¶¶ 15–33.

In fact, the complaint goes to lengths to clarify that its claims are not based on the terms of the plans.  The complaint states that the Hospital

> expressly disavows [that] this action implicates any of the rights it may have gained through an assignment of benefits from the patients. To the extent recovery on any of the claims asserted herein rely upon such an assignment, [the Hospital] declines such recovery in this action. [The Hospital] elects to bring this suit specifically and exclusively on the basis of causes of action arising under the laws of the State of California.

*Id.* ¶ 8.[6]  Thus, regardless of whether the Hospital could have brought *a claim* under ERISA, the Hospital could not have brought *these claims* under ERISA.  The Hospital's claims are based on independent state-law duties: those allegedly imposed by an implied contract or the theory of quantum meruit.  Thus, neither prong of *Davila* is satisfied, and the Hospital's claims are not

---

[6] The Hospital's complaint has two paragraphs numbered "8."  *See* Compl.  This citation refers to the first paragraph numbered "8."

preempted.[7]

## IV. Conclusion and Order

CIGNA removed this action based on federal question jurisdiction. As the Hospital's claims all arise under state law and none of them are completely preempted under ERISA § 502(a), there is no federal question presented, and the Court lacks subject matter jurisdiction to hear this case.

Accordingly, the Court ORDERS:

1. The Hospital's motion to remand, Doc. 9, is **GRANTED**;
2. CIGNA's motion to dismiss, Doc. 14, is **DENIED** as moot;
3. The hearing set for June 16, 2025 is **VACATED**;
4. This action is **REMANDED** to Madera County Superior Court for lack of subject matter jurisdiction;
5. The Clerk of Court shall mail a copy of this order to the clerk of Madera County Superior Court; and
6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: June 11, 2025

UNITED STATES DISTRICT JUDGE

---

[7] CIGNA points out that the Hospital's complaint also states that CIGNA violated California Health & Safety Code § 1371.4(b), which provides that a "health care service plan shall reimburse providers for emergency services and care provided to its enrollees." Doc. 18 at 11 (citing Compl. ¶ 12). CIGNA then points to *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222 (9th Cir. 2005), which held that a patient's claim brought pursuant to California's Unfair Competition Law to allege a violation of California Health & Safety Code § 1371.4 was completely preempted by ERISA. Doc. 18 at 11–12. The main problem with this argument is that the Hospital's oblique assertion that CIGNA violated § 1371.4(b) appears only in the facts section of its complaint, and the Hospital does not press a cause of action which alleges a violation of that statute. *See* Compl. ¶ 12. The Hospital's two causes of action are not premised on any duty arising from § 1371.4. *See* Compl. ¶¶ 15–33. Instead, the causes of action are based on duties arising from state common law through the alleged formation of an implied contract. *See id. Cleghorn* therefore has no relevance to the Hospital's claims.